LEWIS ROMERO, CSBN, 197231
PAUL ALAGA, CSBN, 221165
885 Bryant Street, 2nd Floor
San Francisco, California 94103
415-581-0885 Tel.
415-581-0887 Fax.
Attorneys for Rony Calderon

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONY CALDERON,

          Plaintiff,

vs.

CHP OFFICER CRAIG SUHL;
CHP COMMISSIONER MIKE BROWN;
DOES 1-25, inclusive,

          Defendants.

Case No. C 06 6432

**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES FOR VIOLATION OF CIVIL RIGHTS.**

**JURY TRIAL DEMANDED**

## JURISDICTION

1.     This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the County of San Mateo, California, which is within this judicial district.

## PARTIES

2.     Defendant CALIFORNIA HIGHWAY PATROL OFFICER CRAIG SUHL (SUHL) is and was an officer for the California Highway Patrol during the time of the alleged unlawful acts and practices herein. Defendant, CALIFORNIA HIGHWAY PATROL COMMISSIONER MIKE

BROWN (BROWN) is and was the Commissioner of the California Highway Patrol during the time of the alleged unlawful acts and practices herein.

4.  Plaintiff is ignorant of the true names and capacities of Defendants, DOES 1-25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend his complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

5.  In engaging in the conduct described herein, Defendants DOES 1-25 acted under the color of law and in the course and scope of their employment with the California Highway Patrol.

6.  For State causes of action related to Federal claims, Plaintiff may be required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

## STATEMENT OF FACTS

7.  On or about April 26, 2005 during an investigation concerning four vehicles stopped on the shoulder of Highway 101 near 3rd Ave in the County of San Mateo (one of whom belonged to Plaintiff), Defendant SUHL, while armed and in full uniform and under color of authority extorted, stole, converted, and trespassed to Plaintiff's property; he additionally, coerced, falsely arrested, falsely imprisoned, kidnapped, forced to involuntary servitude, battered, and assaulted Plaintiff.

8.  During the initial encounter, Defendant SUHL extorted and coerced funds from Plaintiff's ATM in that Defendant SUHL ordered Plaintiff to withdraw funds from his ATM and to hand over the funds to the drivers of the three other drivers on the shoulder of the Highway. Thereafter, Defendant SUHL took Plaintiff's CDL (California Driver's License) and placed it in the possession of a third driver and ordered the third driver not to return the CDL until Plaintiff brought him money.

9.  Additionally, Defendant SUHL ordered, forced and coerced Plaintiff to provide mechanic's services on several of the vehicles in a reckless and dangerous manner causing severe

emotional distress and anxiety and fear of death. During this encounter, Plaintiff was not free to leave and was forced to involuntary servitude.

10. Further, Defendant SUHL battered, assaulted, falsely imprisoned Plaintiff, and converted and trespassed to Plaintiff's property when Defendant SUHL ripped Plaintiff's mobile telephone from Plaintiff's hand and face and subsequently slammed the phone on the rear of a vehicle.

11. Defendant SUHL also forced Plaintiff to tow one of the vehicles off the highway and ordered Plaintiff to purchase a new tire for the vehicle.

## DAMAGES

12. As a proximate result of defendants' conduct, Plaintiff suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride. Plaintiff was mentally and emotionally injured and damaged as a proximate result of this incident. As a further proximate result of Defendants' conduct, Plaintiff suffered the loss of his liberty, and the loss of his personal property.

13. The conduct of Defendant SUHL was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said Defendant.

14. Plaintiff was obliged to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorneys' fees incurred in relation to this action for violation of his civil rights.

## FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendant SUHL)

15. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 14 of this Complaint.

16. In doing the acts complained of herein, Defendant SUHL acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b.  The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c.  The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d.  The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

e.  The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

f.  The right to be free from involuntary servitude as protected by the Thirteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendants BROWN and DOES 1-25)

17. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 16 of this Complaint.

18. Plaintiff is informed and believes and thereon alleges that high ranking California Highway Patrol Officials, including high ranking police supervisors, such as Defendants BROWN and DOES 1-25, and/or each of them, knew and/or reasonably should have known about repeated acts of misconduct by Defendant SUHL.

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES FOR VIOLATION OF CIVIL RIGHTS - 4

19. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendant BROWN and DOES 1-25, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized a continuing pattern and practice of misconduct and/or civil rights violations by Defendant SUHL.

20. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant SUHL, Defendants BROWN and DOES 1-25, and/or each of them, encouraged this officer to continue his course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

21. The aforementioned acts and/or omissions and/or deliberate indifference by Defendants BROWN and DOES 1-25, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

   c. The right to be free from the use of excessive force by police officers, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

   d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

   e. The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

   f. The right to be free from involuntary servitude as guaranteed under the Thirteenth Amendment to the United States Constitution.

22. Said rights are substantive guarantees under the Fourth, Fourteenth, and/or Fifteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Assault)
### (Against Defendant SUHL)

23. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 22 of this Complaint.

24. Defendant, SUHL, placed Plaintiff in immediate fear of death and/or severe bodily harm, in a harmful and/or in an offensive manner without any just provocation, cause or consent.

25. This Defendant's conduct was neither privileged nor justified under statute or common law.

26. As a proximate result of Defendant's conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### (Battery)
### (Against Defendant SUHL)

27. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 26 of this Complaint.

28. Defendant SUHL intentionally and recklessly did acts which resulted in harmful and offensive contact with Plaintiff's person.

29. The Defendant's conduct was neither privileged nor justified under statute or common law.

30. As a proximate result of Defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
(False Imprisonment)
(Against Defendant SUHL)

31. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 30 of this Complaint.

32. Defendant SUHL falsely imprisoned Plaintiff without probable cause. Plaintiff had not committed any crime warranting arrest, and there was no basis upon which Defendant could have reasonably believed that Plaintiff had committed any crime.

33. Defendant SUHL failed to observe proper procedures in falsely imprisoning Plaintiff without probable cause. Defendant exceeded the limits of his authority as a peace officer in falsely imprisoning Plaintiff without probable cause, and in using excessive and unnecessary force against Plaintiff.

34. As a proximate result of Defendant's conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against Defendant SUHL)

35. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 34 of this Complaint.

36. The conduct of Defendant SUHL as set forth herein was extreme and outrageous and beyond the scope of conduct which should be tolerated by individuals in a democratic and civilized society. Defendant SUHL committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiff.

37. As a proximate result of Defendant's willful, intentional and malicious conduct, Plaintiff suffered severe and extreme mental and emotional distress. Therefore, Plaintiff is entitled to an award of punitive damages as against said Defendant's. Plaintiff has suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)
(Against Defendant SUHL)

38. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 37 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

39. The wrongful conduct of Defendant SUHL as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of Plaintiff.

40. As a proximate result of Defendant's negligent conduct, Plaintiff has suffered severe emotional and mental distress, creating a traumatic effect on Plaintiff's emotional tranquility.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///

///

///

EIGHTH CAUSE OF ACTION
(Violation of California Civil Code Section 51.7)
(Against Defendant SUHL)

41. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 40 of this Complaint.

42. Plaintiff is informed and believes and thereon alleges that the conduct of Defendant SUHL as described herein was motivated by racial prejudice against Plaintiff. In engaging in such conduct, Defendant violated Plaintiff's rights under California Civil Code Section 51.7 to be free from violence or intimidation by threat of violence committed against him because of his race.

43. Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

44. As a proximate result of Defendant's wrongful conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

NINTH CAUSE OF ACTION
(Violation of California Civil Code Section 52.1)
(Against Defendant SUHL)

45. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 44 of this Complaint.

46. The conduct of Defendant SUHL as described herein, acting in the course and scope of his employment for the California Highway Patrol, violated California Civil Code Section 52.1, in that he interfered with Plaintiff's exercise and enjoyment of his civil rights through use of wrongful and excessive force.

47.  As a direct and proximate result of Defendant SUHL's violation of Civil Code Section 52.1, Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

48.  Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to California Civil Code Section 52.1(h).

WHEREFORE, Plaintiff prays for relief, as hereinafter set forth.

## TENTH CAUSE OF ACTION
(Negligence)
(Against Defendant SUHL)

49.  Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 48 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendant SUHL, and any and all allegations requesting punitive damages.

50.  At all times herein mentioned Defendant SUHL was subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through his use of force and making of arrests. The wrongful conduct of Defendant, as set forth herein, did not comply with and breached the standard of care to be exercised by reasonable persons, proximately causing plaintiff to suffer injuries and damages as set forth herein.

51.  As a proximate result of Defendant's negligent conduct, Plaintiff suffered physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility, and suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///

ELEVENTH CAUSE OF ACTION
(Negligent Hiring, Retention, Training, Supervision, and Discipline)
(Against Defendants, BROWN and DOES 1-25)

52. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 51 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants BROWN and DOES 1-25, and any and all allegations requesting punitive damages.

53. At all times herein mentioned, Defendant BROWN and DOES 1-25, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to other individuals. With deliberate indifference BROWN and DOES 1-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of Plaintiff's rights and injury to said Plaintiff. Defendants BROWN and DOES 1-25, inclusive, breached their duty of care to individuals in that BROWN and DOES 1-25, inclusive, failed to adequately train its police officers, including Defendant SUHL in the proper and reasonable use of force, the proper and reasonable making of arrests, and the treating of individuals in a manner that is not racially discriminatory, and/or failed to have adequate policies and procedures regarding the proper and reasonable use of force, the proper and reasonable making of arrests, and the treating of individuals in a manner that is not racially discriminatory. This lack of adequate supervisory training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive and unreasonable force by police officers employed by California Highway Patrol, the continuing failure to make proper and reasonable arrests by police officers employed by California Highway Patrol, and continuing and ongoing racially discriminatory behavior towards individuals by police officers employed by California Highway Patrol.

54. As a proximate result of Defendants BROWN and DOES 1-25's, inclusive, negligent conduct, Plaintiff suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility, and suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

55. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff RONY CALDERON prays for relief, as follows:

1. For general damages in a sum of $1,000,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For injunctive relief enjoining Defendant BROWN and DOES 1-25 from authorizing, allowing, or ratifying the practice by any police officer employee of the California Highway Patrol of using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;
5. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;
6. For violation of California Civil Code Section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;
7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
8. For cost of suit herein incurred; and
9. For such other and further relief as the Court deems just and proper.

Dated: October 13, 2006

Paul L. Alaga,
Attorney for Plaintiff